# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ATHENA MARIE BYRD**                                        **PETITIONER**

**v.**                                               **No. 2:11-cr-46-MPM**

**USA**                                            **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motions of Athena Marie Byrd to vacate, set aside, or correct her sentence under 28 U.S.C.A. §2255 and for reduction of her sentence. ECF docs. 128 and140. The government has responded to each motion, and the matters are ripe for resolution.

### Facts and Procedural Posture

On February 2, 2011, while in Arkansas, Petitioner Byrd, Dennis Lee Andrews, and Patrick Hollowell, formulated a plan to extort money from Byrd's boyfriend, Oliver Eugene Anderson. ECF doc. 88, pp. 7-8. The three decided they would pretend to threaten Byrd's life, telling Anderson that she owed her co-conspirators $2,000.00 for drugs. *Id*. at 19. Byrd went to Anderson's home, asking to borrow money. *Id*. Once inside, she let her co-conspirators into the residence, who threatened the couple, telling Anderson that Byrd owed them money. *Id*. Byrd and Anderson were held at gunpoint while the co-conspirators gathered guns, money, and other items. *Id*. Anderson was told, if he did not comply, Byrd would be harmed. *Id*. After taking money and valuables from the home, Byrd and Dennis Lee Andrews put Anderson into a car. Byrd drove them to the Isle of Capri Casino in Coahoma County, Mississippi, while Andrews sat in the back seat brandishing a handgun. *Id*. at 19-20. Hollowell followed in another vehicle. *Id*.

The plan was to force Anderson to cash a $2,000.00 check and give the money to the conspirators. *Id.* at 8. Once inside the casino, Byrd and Andrews accompanied Anderson to the cashier's window where he screamed that he was in danger, alerting security and causing his kidnappers to flee. *Id.* at 8-9.

As a result, Petitioner Byrd was indicted for conspiracy to kidnap for ransom (Count I), kidnapping (Count II), and use of a firearm in the commission of a violent crime (Count III). ECF doc. 1. Byrd pleaded guilty to Counts I and II of the indictment and was sentenced to serve a term of 60 months on Count I and 175 months on Count II, to be served consecutively. ECF docs. 53 and 74. Count III of the indictment was dismissed on the motion of the government. ECF doc. 74. Byrd's convictions and sentences were affirmed by the Fifth Circuit on appeal. ECF doc. 100.

Aggrieved of this decision, Byrd filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 128. Byrd argues that, her sentences for conspiracy to kidnap and kidnapping should be shortened because her crimes were not "crimes of violence" under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id.* Byrd also alleges that her attorney provided ineffective assistance of counsel. *Id.* Thereafter, Byrd filed a Motion to reduce her sentence, arguing that the enhancement for demanding a ransom under Guideline §2A4.1(b)(1) was improperly applied in her case. ECF doc. 140. For the reasons discussed herein, Byrd is not to the relief she seeks.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject

to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

## I. Byrd's Allegations in her §2255 Motion do not Warrant Relief.

### The *Johnson* Decision

Byrd asserts that under *Johnson, supra*, her convictions for kidnapping and conspiracy to kidnap are not crimes of violence and, as such, her sentence should be shortened. In *Johnson, supra*, the Supreme Court considered the constitutionality of the "residual clause" of the Armed Career Criminal Act. The A.C.C.A. provides for the enhanced sentencing of a convicted felon who "has three previous convictions … for a violent felony or a serious drug offense, or both…."

18 U.S.C.A. §924(e)(1). The A.C.C.A. further defines a "violent felony" as a crime punishable by more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*…

18 U.S.C.A. §924(e)(2)(B)(emphasis added). The *Johnson* decision specifically addresses the "residual clause" of subsection (ii), which is italicized above. The Court found that, for the purposes of the A.C.C.A., "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. As such, the *Johnson* Court ultimately held that the residual clause of the A.C.C.A. was unconstitutionally vague.[1] *Id*. at 2563.

## Byrd's Sentence

According to the pre-sentence report, Byrd received an enhancement of 6 points for demanding a ransom under §2A4.1(b)(1) and an enhancement of 2 points for the use of a dangerous weapon. Byrd also received an adjustment of -3 points for her acceptance of responsibility. As a result, Byrd had a Total Offense Level of 37 and a Criminal History Category of II. Therefore, the applicable Sentencing Guidelines Range was 235 to 293 months. Petitioner Byrd was sentenced to serve a term of 235 months, 60 months on Count I and 175 months on Count II, to run consecutively.

---

[1] The Court further noted that, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*.

### *Johnson* is not Applicable to Byrd's Case

Byrd admits that she was not sentenced pursuant to the A.C.C.A, which was the subject of *Johnson*, *supra*. ECF doc. 128, pg. 12. Instead, Byrd was sentenced pursuant to the U.S. Sentencing Guidelines. The Supreme Court has settled the question of whether the *Johnson* holding invalidates the Guidelines' residual clause ruling, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017). As noted above, Byrd was not sentenced pursuant to the residual clause of the Guidelines nor were Byrd's convictions and enhancements based on a "crime of violence." Therefore, the *Johnson* holding is not applicable to her case and Byrd is not entitled to habeas relief based on this argument.

### Byrd did not Receive Ineffective Assistance of Counsel

In her §2255 motion, Byrd also argues that she received ineffective assistance of counsel "at the pretrial and trial stage when counsel failed to file various motions and raise appropriate arguments." ECF doc. 128, pg. 5. However, Byrd does not elaborate on this claim nor does she allege what motions or arguments she feels should have been raised. As the Fifth Circuit has held:

> This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial we [can find] no merit to these [claims]." *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).

*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Therefore, this conclusory allegation is not a valid claim before this Court. However, interpreting Byrd's *pro se* motion liberally, it appears that she is asserting that her attorney failed to raise the *Johnson* issue.

The U.S. Supreme Court has ruled that claims of ineffective assistance of counsel are governed by the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland, supra,* by demonstrating both constitutionally deficient performance by counsel and actual prejudice due to such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that they were not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). A determination must be made of whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). Further, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia*, 845 F.2d at 498. Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, Petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. In *Strickland*, the Supreme Court explained that the defendant must make a showing that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," (*Strickland*, 466 U.S. at 687) and demonstrate a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Id*. at 694. *See also Mayabb v. Johnson*, 168 F.3d 863,869 (5th Cir. 1998); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir, 1998). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson*, *supra*. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986). A habeas corpus petitioner must affirmatively plead this resulting prejudice. *Bridge v. Lynaugh*, 838 F.2d 770,773 (5th Cir. 1988).

To the extent that Byrd is alleging that counsel was ineffective for failing to raise the *Johnson* issue she asserted in her §2255 motion, her argument lacks merit. Byrd was sentenced on March 1, 2012. ECF doc. 74. The *Johnson* decision was not decided until June 26, 2015. *Johnson*, 135 S.Ct. 2551. As such, Byrd's trial counsel cannot be considered deficient for failing to predict a Supreme Court ruling that had not yet been handed down. Moreover, even assuming

*arguendo* the *Johnson* decision had been published at the time of Byrd's sentencing, that decision is not applicable to Byrd's case. Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990). Moreover, attorneys cannot be considered constitutionally ineffective for choosing not to raise meritless objections. *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.").

## II. Byrd is not Entitled to a Reduction of her Sentence.

Byrd has also moved to reduce her sentence, asserting that she was improperly enhanced pursuant to §2A4.1(b)(1) for demanding a ransom. Pursuant to 18 U.S.C.A. §3582(c)(2) this Court has the discretion to reduce a criminal defendant's sentence when a sentencing range set forth by the Sentencing Guidelines has been subsequently reduced. To warrant such a reduction of sentence, the court must find that:

> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

§3582(c)(1)(A). A sentence reduction may also be warranted pursuant to F.R.Cr.P. 35. §3582(c)(2).

Byrd asserts that the enhancement set forth in §2A4.1(b)(1) was improperly applied to her sentence. This section provides, "[i]f a ransom demand or a demand upon the government was made, increase by 6 levels." 2011 U.S. Sentencing Guidelines §2A4.1(b)(1). Byrd argues that, in this case, the ransom demand was not made to a third party. Specifically, Byrd claims that she and her co-conspirators demanded money from Anderson in exchange for his own release and, therefore, the demand did not qualify as ransom. However, this is not an accurate statement of the facts of this case.

In this case, Byrd and her co-conspirators led Anderson to believe that Byrd was in debt and that *she* would be harmed if Anderson did not pay the co-conspirators $2,000.00. ECF doc. 88, pg. 19. As such, the ransom demand was made to Anderson for the release of Byrd, which clearly qualifies as a ransom demand. Therefore, the enhancement set forth in §2A4.1(b)(1), was properly applied to Byrd. In fact, in the appeal of Byrd's co-defendant Dennis Lee Andrews, the Fifth Circuit held that, under the facts of this case, §2A4.1(b)(1) was properly applied to Andrews.[2] *U.S. v. Andrews*, 503 Fed. Appx. 257 (5th Cir. 2012).

---

[2] Because Byrd was not a party to her co-conspirator's appeal, neither *res judicata* nor collateral estoppel apply. However, this unpublished opinion is certainly persuasive, especially since it involves an analysis of the same factual scenario present in Byrd's case.

## Conclusion

As discussed above, Byrd's claims lack merit. Therefore, Byrd's motion to vacate, set aside, or correct her sentence, ECF doc. 128, will be denied. Further, Byrd's motion to reduce her sentence, ECF doc. 140, is also denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 10th day of October, 2018.

    **/s/ MICHAEL P. MILLS**
    **UNITED STATES DISTRICT JUDGE NORTHERN**
    **DISTRICT OF MISSISSIPPI**